Clyde C. MILLER et al., Appellants,

v.

UNITED STATES of America, Appellee.

No. 75–1329.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 8, 1975.

Decided Dec. 30, 1975.

---

232

William D. Crampton, St. Louis, Mo.,
for appellants.

Arthur L. Bailey, Tax Div., Dept. of
Justice, Washington, D. C., for appellee.

Before MATTHES, Senior Circuit
Judge, and STEPHENSON and WEB-
STER, Circuit Judges.

PER CURIAM.

In this appeal, the trustees of the Par-
sons Blewett Memorial Fund contend
that the District Court erred in denying

1. Section 504 of the Internal Revenue Code of
1954, which was repealed by Section 101(j)(15)
of the Tax Reform Act of 1969, Pub.L.91–172,

a refund of income taxes paid by that
trust for taxable years ended June 30,
1962, through June 30, 1968.

The Fund was formed in 1916 by Ben
Blewett, then Superintendent of Public
Instruction of the City of Saint Louis,
Missouri, for the purpose of creating en-
dowments to assist the teachers of the
Saint Louis public school system. The
trustees of the Fund are composed of:
(1) the Superintendent of Public Instruc-
tion of Saint Louis; (2) the Secretary-
Treasurer of the Board of Education; (3)
the City Comptroller; (4) a member of
the teaching corps of the Saint Louis
public schools, elected by that corps for a
term of two years; and (5) a citizen ap-
pointed by a judge of the Saint Louis
Probate Court for a term of four years.

Dividends and interest from various
securities and cash contributed to the
trust by Blewett, his estate, and his two
sisters are the sole sources of its income.
From June 30, 1951, through June 30,
1968, the Fund had total receipts from
such dividends and interest totalling
$2,700,301.00. During this period, the
Fund expended $777,811.00 for the relief
and assistance of retired teachers, $680,-
832.00 in scholarship funds, and $160,-
619.00 for administrative costs. The
Fund had thus accumulated $1,081,039.00
in undistributed income during this peri-
od, which, together with prior accumula-
tions, produced a total income accumula-
tion of $1,554,357.00 as of June 30, 1968.

On March 7, 1961, the Internal Reve-
nue Service issued a ruling letter holding
the Fund to be an educational and chari-
table organization described in Section
501(c)(3) of the Internal Revenue Code
of 1954, and therefore exempt from fed-
eral income taxation pursuant to Section
501(a). On September 5, 1968, the Dis-
trict Director of Internal Revenue, Saint
Louis, Missouri, retroactively revoked the
Fund's exemption letter effective June
30, 1962, on the sole ground that the
Fund had unreasonably accumulated in-
come in violation of Section 504(a)(1).[1]

83 Stat. 487, imposed a penalty of the loss of
tax exemption for any Section 501(c)(3) organ-
ization which "unreasonably accumulated" its

A notice of deficiency of income taxes for the taxable years ended June 30, 1962, through June 30, 1968, was issued, pursuant to which the Fund paid taxes and interest totalling $1,017,779.53. After disallowance of a timely claim for refund, the Fund initiated this action. *See* 28 U.S.C. § 1346(a)(1).

The District Court,[2] ruling on cross-motions for summary judgment, held that the Fund, viewed separate from the public school system, could not claim exemption from Section 504(a)(1) as an "educational organization" within the meaning of Section 503(b)(2) because it had not demonstrated, as required by the latter section, that it maintained a regular faculty and curriculum and normally had an enrolled body of pupils or students in attendance at the place where its educational activities were regularly carried on. The District Court further held that the activities of the Fund, however laudable, were not derived from the exercise of an essential governmental function and did not accrue to a governmental organization, and thus could not qualify for exclusion from gross income under Section 115(a). The undisputed evidence on the record before this Court amply supports the findings of the District Court. We affirm upon the basis of Judge Nangle's well-reasoned opinion. *Miller v. United States*, 393 F.Supp. 831 (E.D.Mo.1975).

income. Section 504 explicitly applied only to organizations exempt under Section 501(c)(3) and to which Section 503, repealed by Section 101(j)(14) of the Tax Reform Act of 1969, applied. Section 503(b)(2) specifically excepted the application of Section 503 from "an educational organization which normally maintains a regular faculty and curriculum and normally has a regularly enrolled body of pupils or students in attendance at the place where its educational activities are regularly carried on * * *."

2. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.